**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
|  | Case No. 5:20-cv-00255 |
| ABRAHAM LAWSON,<br><br>             Plaintiff,<br><br>      v.<br><br>RCS CAPITAL PARTNERS, INC. d/b/a RCS, JTM CAPITAL MANAGEMENT, LLC and UNITED HOLDING GROUP, LLC f/k/a JTM CAPITAL MANAGEMENT, LLC,<br><br>             Defendants. | **CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT PURSUANT TO 15 U.S.C. § 1692, et seq.**<br><br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") UNDER CAL. CIV. CODE §1788** |
|  | **JURY TRIAL DEMANDED** |

<u>**CLASS ACTION COMPLAINT**</u>

**NOW COMES**, Plaintiff ABRAHAM J. LAWSON, by and through his counsel, Nicholas M. Wajda, and asserts the following class action claims against Defendants RCS CAPITAL PARTNERS, INC. d/b/a RCS and UNITED HOLDING GROUP, LLC f/k/a JTM CAPITAL MANAGEMENT, LLC:

    **I.  Parties, Jurisdiction and Venue**

    1.      ABRAHAM J. LAWSON ("Plaintiff") is a resident of Victorville, California and brings this action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

and for violations the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, *et seq*.

2.     Defendant RCS CAPITAL PARTNERS, INC. d/b/a RCS ("RCS") is incorporated in New York with its principal place of business in New York.

3.     RCS is licensed to do business in California and regularly collects upon consumers located in the State of California.

4.     RCS collects and attempts to collect defaulted consumer debts and its principal purpose is the purchase and collection of defaulted debts.

5.     RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debts owed by consumers to third-party creidtors.

6.     RCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

7.     Defendant JTM CAPITAL MANAGEMENT, LLC ("JTM") is a Delaware limited liability company. See **Exhibit A**, JTM's July 21, 2014, Application to Register a Foreign Limited Liability Company form

8.     JTM's May 32, 2016, filing with the California Secretary of State states JTM registered to do business in the State of California with the California Secretary of State and was issued the following Secretary of State File Number, 201420510283.  JTM's filing, attached as **Exhibit B** to this Complaint, was signed by JTM's President, Jacob Adamo on May 18, 2016.

9.     JTM's May 31, 2016 corporate filing with the California Secretary of State lists JTM's business address as 6400 SHERIDAN Drive, Suite 138, WILLIAMSVILLE, New York 14221.

2

10.    JTM's November 28, 2018 "Statement of No Change" corporate filing with the California Secretary of State was submitted by Jacob Adamo, who was listed as JTM's President. See Exhibit C.

11.    JTM's address for services of process for the California Secretary of State is listed as National Registered Agents, Inc. 818 West Seventh Street, Los Angeles, CA 90017.

12.    JTM's address for service of process is identified as 6400 SHERIDAN Drive, Suite 138, WILLIAMSVILLE, New York 14221 on the Entity Information website of the New York Department of State, Division of Corporations.

13.    The Entity Information website of the New York Department of State, Division of Corporations lists JTM as depicted by the below screen capture from Februarys 7, 2020:



14.    JTM has utilized telephone number 866-651-7663.

15.    JTM operated out a California business address, 333 W Santa Clara St # 604, San Jose, California 95113-1715.

16.    Defendant UNITED HOLDING GROUP, LLC f/k/a JTM CAPITAL MANAGEMENT, LLC ("UHG") is Delaware limited liability company, File Number 5293813.

17.    The website for the State of Delaware's Department of State, Division of Corporations lists UHG's registered agent as "A Registered Agent, Inc.", 8 The Green, Suite A, Dover, Delaware 19901.

18.    UHG's LinkedIn page is depicted by the below screen capture obtained on February7, 2020:



https://www.linkedin.com/company/united-holding-group/about/

19.    UHG's LinkedIn page states that is located in Castle Rock, Colorado, and UHG's "Overview" states as follows:

4

> United Holding Group (UHG) is operated by industry veterans with decades of experience. Our team has more than 50 years of successful experience working with financial institutions to provide an outlet for the divestiture of non-performing and partially performing assets. We pride ourselves in providing unique and reliable solutions for creditors, lenders and financial institutions and for our partners.

20.   UUHG's Chief Operations Officer is Jacob Adamo.

21.   Jacob Adamo's position as UHG's Chief Operations Officer is listed on Mr. Adamo's LinkedIn webpage as depicted by the below screen capture taken from https://www.linkedin.com/in/jacob-adamo-34164593/ on February 7, 2020:



22.   Jacob Adamo's LinkedIn webpage indicates that he was the President of JTM Capital Management, LLC from March of 2013 and December 2018.

23.   Mr. Adamo's position as the President of JTM Capital Management, LLC and the dates of his employment in this role is depicted by the below screen capture taken from https://www.linkedin.com/in/jacob-adamo-34164593/ on February 7, 2020:



24.    Michael Hyla's LinkedIn webpage states that he is UHG's Vice President of Compliance depicted by the below screen capture taken from https://www.linkedin.com/in/michael-hyla-05217244/ on February 7, 2020:



25.    Michael Hyla's LinkedIn webpage states that he is currently JTM's Vice President of Compliance as depicted by the below screen capture taken from https://www.linkedin.com/in/michael-hyla-05217244/ on February 7, 2020:

6

1
2
3
4
5
6
7
8
9
10
11
12



26.     On information and belief, UHG utilizes telephone number 866-651-7663, a telephone number formerly used by JTM.

27.     UHG claims that it provides  "[r]eliable receivables management solutions for creditors, through the sale of charged off and non performing consumer loans" as depicted by the below screen capture:



7

28.     UHG's    business    address    as    6400    SHERIDAN    Drive,    Suite    138, WILLIAMSVILLE, New York 14221:



29.     On information and belief, UHG, prior to its formation, conducted business as JTM CAPITAL MANAGEMENT, LLC.

30.     On information and belief, UHG contracts with RCS to for the purpose of having RCS collect defaulted debts purchased by UHG

31.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as RCS and JTM conduct business in this District through the collection of consumer debts, Plaintiff resides in this District, and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

**II. Background Facts Related to the Subject Debt**

32.     Plaintiff defaulted on a financial obligation with CashnetUSA (the "Subject Debt").

33.     After Plaintiff defaulted on the Subject Debt it was purchased by JTM.

34.     After purchasing the Subject Debt, JTM or UHG engaged RCS for the purpose of having Defendant attempt to collect the Subject Debt from Plaintiff.

### III.    Statutory Definitions

35.    Plaintiff is a "consumer" as defined by § 1692a(3) of the FDCPA because the Subject Debt was for Plaintiff's personal and household use.

36.    Pursuant to Cal. Civ. Code 1788.2(b), "[t]he term 'debt collection' means any act or practice in connection with the collection of consumer debts."

37.    Pursuant to Cal. Civ. Code 1788.2(c), "[t]he term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of that person or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection."

38.    Pursuant to Cal. Civ. Code 1788.2(d), "[t]he term 'debt' means money, property, or their equivalent that is due or owing or alleged to be due or owing from a natural person to another person."

39.    Pursuant to Cal. Civ. Code 1788.29(e), "[t]he term 'consumer credit transaction' means a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes."

40.    Pursuant to Cal. Civ. Code 1788.29(f), "[t]he terms 'consumer debt' and 'consumer credit' mean money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."

41.    Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

42.    The Subject Debt is a "debt", "consumer debt" and "consumer credit" as defined by Cal. Civ. Code § 1788.2(d)-(f).

**IV.    Defendant RCS's Collection Actions**

43.    In an attempt to collect the Subject Debt, RCS emailed a letter to Plaintiff on February 6, 2019.

44.    Prior to this date, Plaintiff had not received any prior written correspondence from RCS related to the Subject Debt.

45.    RCS's letter dated February 6, 2019 identifies "JTM Capital Management" as the "Current Creditor".

46.    RCS's letter dated February 6, 2019 identifies a "Current Creditor Acct Number" of 355XXXX and a "Original Creditor Account Number" of 2516XXXX

47.    RCS's letter dated February 6, 2019 identifies "CASHNETUSA" as the "Current Creditor".

48.    RCS's letter dated February 6, 2019 contains a subject line that says "**BALANCE DUE NOTICE- 2nd Notice**" in bolded font that is larger than the font used in the body of the Letter.

49.    On information and belief, Defendants JTM and/or UHG have engaged in deceptive collection practices by causing RCS to attempt to collect the Subject Debt where JTM may no longer have the rights to collect the Subject Debt and debts of other California Consumers.

50.    On information and belief, Defendants JTM and/or UHG have engaged in deceptive collection practices by causing RCS to attempt to collect the Subject Debt where JTM may no longer has the rights to collect the Subject Debt and debts of other California Consumers.

51.    On information and belief, Defendants JTM and UHG have engaged in deceptive collection practices by causing RCS to attempt to collect the Subject Debt by failing to indicate that JTM may no longer has the rights to collect the Subject Debt and debts of other California Consumers where UHG now does business in the place of JTM.

10

52.     On information and belief, Defendants JTM and UHG have engaged in deceptive collection practices by causing RCS to attempt to collect the Subject Debt by failing to indicate that UHG now does business in the place of JTM and that UHG, not JTM, is the current creditor for the Subject Debt and the debts of other California Consumers

**III.     Class Action Violations of the FDCPA**

**COUNT I – Violations of Section 1692g(a) of the FDCPA**

53.     Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

54.      RCS's letter dated February 6, 2019 violated the FDCPA because the letter failed to comply with Section 1692g(a) of the Act.

55. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

  (1)     the amount of the debt;

  (2)     the name of the creditor to whom the debt is owed;

  (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

56.     The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

11

57.     The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

58.     RCS violated 15 U.S.C. § 1692g(a) by because Defendant's letter dated February 6, 2019, did not contain certain of the mandatory validation notices required by 15 U.S.C. § 1692g(a)(3)-(5).

59.     In particular, RCS letter dated February 6, 2019, violated Section 1692g(a)(3) because the letter *did not* contain "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector".

60.     RCS's letter dated February 6, 2019, violated Section 1692g(a)(4) because the letter *did not* contain "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector".

61.     RCS's letter dated February 6, 2019, violated Section 1692g(a)(5) because the letter *did not* contain "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

    a.     Declaring that the practices complained of above are unlawful and violate Section 1692g(a)(3), (4) and (5) of the FDCPA;

    b.     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.     Awarding class members damages pursuant to §1692k(a)(2)(B); and

d.     Awarding Plaintiff costs and reasonable attorney fees as provided
under 15 U.S.C. §1692k(a)(3).

**Count II –Violations of Section 1692e(2) of the FDCPA**

62.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

63.    Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

64.    In particular, is a violation of Section 1692e(2)(A) for a debt collector to make a "false representation of . . . the character . . . or legal status of any debt[.]"

65.    The body of RCS's letter dated February 6, 2019 states "Please be advised that the balance on your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office."

66.    The body of RCS's letter dated February 6, 2019, violated Section 1692e(2)(A) of the FDCPA because the words "your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office" constitute a "false representation of . . . the character . . . or legal status of" the Subject Debt.

67.    Alternatively, upon information and belief, Defendant JTM may have dissolved at the time the RCS's letter dated February 6, 2019 was sent.

68.    If JTM had dissolved prior to February 6, 2019, it would no longer be the creditor of the Subject Debt for the purpose of RCS's collection efforts.

69.    If JTM was dissolved, it would have violated 1692e(2)(A) to list it as the "Current Creditor".

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

13

a.   Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding class members damages pursuant to §1692k(a)(2)(B); and

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count III – Violations of Section 1692e(10) of the FDCPA**

70.   Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

71.   Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

72.   In particular, is a violation of Section 1692e(10) for a debt collector to "use . . . any false representation or deceptive means to collect or attempt to collect any debt[.]"

73.   The body of RCS's letter dated February 6, 2019, violated Section 1692e(10) of the FDCPA because the words "your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office" constitute a "false representation or deceptive means to collect or attempt to collect" the Subject Debt.

74.   Alternatively, upon information and belief, Defendant JTM may have dissolved at the time the RCS's letter dated February 6, 2019 was sent.

75.   If JTM had dissolved prior to February 6, 2019, it would no longer be the creditor of the Subject Debt for the purpose of RCS's collection efforts.

76.   If JTM was dissolved, it would have violated 1692e(10) to list it as the "Current Creditor".

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

14

a. Declaring that the practices complained of above are unlawful and violate Section 1692e(10) of the FDCPA;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding class members damages pursuant to §1692k(a)(2)(B); and

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count IV –Violations of Section 1692g(a)(2) of the FDCPA**

77. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

78. RCS's letter dated February 6, 2019, violated Section 1692g(a)(2) because the letter *did not* clearly identify "the name of the creditor to whom the debt is owed".

79. Further, upon information and belief, Defendant JTM may have dissolved at the time the RCS's letter dated February 6, 2019 was sent.

80. If JTM had dissolved prior to February 6, 2019, it would not longer be the creditor of the Subject Debt for the purpose of RCS's collection efforts.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

a. Declaring that the practices complained of above are unlawful and violate Section 1692g(a)(2) of the FDCPA;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding class members damages pursuant to §1692k(a)(2)(B); and

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count V –Violations of Section 1692d of the FDCPA**

81. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

15

82.    Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

83.    RCS's letter dated February 6, 2019 identified the last four digits of Plaintiff's social security number.

84.    There was no reason for RCS to include the last four digits of Plaintiff's social security number on its February 6, 2019 letter other than to harass and/or abuse Plaintiff.

85.    RCI violated Section 1692d of the FDCPA by including the last four digits of Plaintiff's social security number on its February 6, 2019 letter.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

   a.    Declaring that the practices complained of above are unlawful and violate Section 1692d of the FDCPA;

   b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c.    Awarding class members damages pursuant to §1692k(a)(2)(B); and

   d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**Count VII – Violations of Section 1692f of the FDCPA**

86.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

87.    Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

88.    RCS's letter dated February 6, 2019 identified the last four digits of Plaintiff's social security number.

89.    By including the last four digits of Plaintiff's social security number on its February 6, 2019 letter, RCI engaged in an unfair and/or unconscionable means to collect a debt.

16

90.     RCI violated Section 1692f of the FDCPA by including the last four digits of Plaintiff's social security number on its February 6, 2019 letter.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant RCI as follows:

a.      Declaring that the practices complained of above are unlawful and violate Section 1692f of the FDCPA;

b.      Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.      Awarding class members damages pursuant to §1692k(a)(2)(B); and

d.      Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3).

**IV.     Class Action Allegations Applicable to Counts I-VII**

91.     Plaintiff can satisfy the elements of Federal Rule of Civil Procedure 23.

92.     Plaintiff seeks to represent putative class members with mailing addresses in this judicial District and in alternative, putative class members with mailing addresses from the State of California.

93.     Plaintiff and his counsel will fairly, adequately and vigorously represent and protect the interests of the proposed class members and has/have no interest antagonistic to those of the putative classes.

94.     There are no defenses unique to Plaintiff.

95.     Plaintiff's claims are typical of the claims of the proposed class members.

96.     There are questions of fact and law common to the claims of Plaintiff and members the putative proposed class members.

97.     As noted above, the common questions of law relate to whether Defendant RCS violated Sections 1692 1692e(2)(A), 1692e(10) and 1692f of the FDCPA by sending similarly

17

worded collection letters to consumers in this District and the State of California within one year of the filing of this civil action.

98.     Plaintiff and the proposed class members' claims all arise from the same operative facts and are based on the same causes of action set forth above.

99.     A class action is an appropriate method for the fair and efficient adjudication of this controversy, and superior to other available methods for the fair and efficient adjudication of this controversy.

100.    Common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

101.    Joinder of all members of the Class is impracticable.

102.    The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation.

103.    As such, the expense and burden of individual litigation would make it impracticable for proposed Class members to prosecute their claims individually.

**V.     Violations of the Rosenthal Act –Against All Defendants**

**COUNT VIII – Violations of Section 178817 of the RFDCPA as a Result of Violations of 1692e(2)(A) of the FDCPA**

104.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

105.    Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

106.    In particular, is a violation of Section 1692e(2)(A) for a debt collector to make a "false representation of . . . the character . . . or legal status of any debt[.]"

18

107.     The body of RCS's letter dated February 6, 2019 states "Please be advised that the balance on your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office."

108.     The body of RCS's letter dated February 6, 2019, violated Section 1692e(2)(A) of the FDCPA because the words "your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office" constitute a "false representation of . . . the character . . . or legal status of" the Subject Debt.

109.     Alternatively, upon information and belief, Defendant JTM may have dissolved at the time the RCS's letter dated February 6, 2019 was sent.

110.     If JTM had dissolved prior to February 6, 2019, it would no longer be the creditor of the Subject Debt for the purpose of RCS's collection efforts.

111.     If JTM was dissolved, it would have violated 1692e(2)(A) to list it as the "Current Creditor".

112.     By violating Section 1692e(2)(A) of the FDCPA, RCS has violated Section 178817 of the Rosenthal Act.

113.     As set forth above, Defendants JTM and/or UHG was aware of, schemed with and condoned the conduct of RCS and are therefore liable for the above violations.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants as follows:

a.     Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA and Section 178817 of the Rosenthal Act;

b.     Awarding Plaintiff statutory damages; and

c.     Awarding Plaintiff costs and reasonable attorney fees as provided by the Rosenthal Act.

19

**Count IX – Violations of Section 178817 of the RFDCPA as a Result of Violations of Section 1692e(10) of the FDCPA**

114.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

115.    Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

116.    In particular, is a violation of Section 1692e(10) for a debt collector to "use . . . any false representation or deceptive means to collect or attempt to collect any debt[.]"

117.    The body of RCS's letter dated February 6, 2019, violated Section 1692e(10) of the FDCPA because the words "your delinquent account with CASHNETUSA with an Original Creditor Account number of 2516XXXX is due in our office" constitute a "false representation or deceptive means to collect or attempt to collect" the Subject Debt.

118.    Alternatively, upon information and belief, Defendant JTM may have dissolved at the time the RCS's letter dated February 6, 2019 was sent.

119.    If JTM had dissolved prior to February 6, 2019, it would no longer be the creditor of the Subject Debt for the purpose of RCS's collection efforts.

120.    If JTM was dissolved, it would have violated 1692e(10) to list it as the "Current Creditor".

121.    By violating Section 1692e(10) of the FDCPA, RCS has violated Section 178817 of the Rosenthal Act.

122.    As set forth above, Defendants JTM and/or UHG was aware of, schemed with and condoned the conduct of RCS and are therefore liable for the above violations.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants as follows:

a. Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA and Section 178817 of the Rosenthal Act;

b. Awarding Plaintiff statutory damages; and

c. Awarding Plaintiff costs and reasonable attorney fees as provided by the Rosenthal Act.

**Count X – Violations of Section 178817 of the RFDCPA as a Result of Violations of Section 1692d of the FDCPA**

123. Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

124. Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

125. RCS's letter dated February 6, 2019 identified the last four digits of Plaintiff's social security number.

126. There was no reason for RCS to include the last four digits of Plaintiff's social security number on its February 6, 2019 letter other than to harass and/or abuse Plaintiff.

127. RCI violated Section 1692d of the FDCPA by including the last four digits of Plaintiff's social security number on its February 6, 2019 letter.

128. By violating Section 1692d of the FDCPA, RCS has violated Section 178817 of the Rosenthal Act.

129. As set forth above, Defendants JTM and/or UHG was aware of, schemed with and condoned the conduct of RCS and are therefore liable for the above violations.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants as follows:

a. Declaring that the practices complained of above are unlawful and violate Section 1692e(2)(A) of the FDCPA and Section 178817 of the Rosenthal Act;

21

      b.      Awarding Plaintiff statutory damages; and

      c.      Awarding Plaintiff costs and reasonable attorney fees as provided by
the Rosenthal Act.

**Count XI – Violations of Section 178817 of the RFDCPA as a Result of Violations of Section 1692f of the FDCPA**

130.    Plaintiff incorporates the above Paragraphs as if fully set forth within this Count.

131.    Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

132.    RCS's letter dated February 6, 2019 identified the last four digits of Plaintiff's social security number.

133.    By including the last four digits of Plaintiff's social security number on its February 6, 2019 letter, RCI engaged in an unfair and/or unconscionable means to collect a debt.

134.    RCI violated Section 1692f of the FDCPA by including the last four digits of Plaintiff's social security number on its February 6, 2019 letter.

135.    By violating Section 1692f of the FDCPA, RCS has violated Section 178817 of the Rosenthal Act.

136.    As set forth above, Defendants JTM and/or UHG was aware of, schemed with and condoned the conduct of RCS and are therefore liable for the above violations.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants as follows:

      a.      Declaring that the practices complained of above are unlawful and
violate Section 1692e(2)(A) of the FDCPA and Section 178817 of the
Rosenthal Act;

      b.      Awarding Plaintiff statutory damages; and

      c.      Awarding Plaintiff costs and reasonable attorney fees as provided by
the Rosenthal Act.

1

## <u>DEMAND FOR JURY TRIAL</u>

2

   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

3

this action so triable of right.

4

Date: February 7, 2020                                    Respectfully submitted,

5

                                                          By: <u>*/s/ Nicholas M. Wajda*</u>

6

7

                                                          Nicholas M. Wajda
                                                          **WAJDA LAW GROUP, APC**

8

                                                          6167 Bristol Parkway
                                                          Suite 200

9

                                                          Culver City, California 90230
                                                          Telephone: 310-997-0471

10

                                                          Facsimile: 866-286-8433

11

                                                          E-mail: nick@wajdalawgroup.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28